**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SUSAN CHANELL ROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:24-cv-00146-MTS |
| | ) |
| DR. MENAKA CHANDRA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon self-represented Plaintiff Susan Chanell Ross's second Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [6], and on a review of Plaintiff's Complaint. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). Having reviewed Plaintiff's second Application and the financial information submitted in support, the Court will grant the Application and waive the filing fee. Furthermore, after reviewing the Complaint, the Court will direct Plaintiff to file a First Amended Complaint within twenty-one (21) days of the date of this Order that establishes this Court's subject matter jurisdiction and that states a claim for relief.

### The Complaint

Plaintiff Susan Ross, a citizen of the State of Illinois, filed this action using the Court's Civil Complaint form against Defendant Dr. Menaka Chandra, who Plaintiff alleges is a dentist practicing in Hazelwood, Missouri. Doc. [1] at 2, 4. Plaintiff claims in

a conclusory fashion that Defendant is a citizen of the State of Missouri.  *Id*. at 3.  In the

section of the form Complaint to state her basis for jurisdiction for bringing the present

lawsuit, Plaintiff has filled out the section titled, "Diversity of Citizenship."  *Id.*  However,

Plaintiff has failed to fill in the "Amount in Controversy" section of the Civil Complaint

form.

Plaintiff's handwritten "Statement of Claim" is as follows, in its entirety:

1). **What happened to you?**
I was a patient of Dr. Menaka Chandra, I went to get a root canal done, about 2 to 3 months later the tooth was shifting I went back and informed Dr. Menaka Chandra what happened, and she asked me did I bite down on something hard and I told her not she refused to hear me out.  And she then took X-rays and came back in the room and told me that the tooth was fractured and left out of the room.  Dr. Menaka Chandra refuse to fix or repair what the damage she done to my tooth.

2). **When did this happen?**
January 28th 2022.

3). **Where did it happen?**
Nikodem Dental,
811 Hazelwest Dr.,
Hazelwood, MO 63042

4). **What injuries did you suffer**?
Dr. Chandra refused to fix the damaged tooth, leaving me without an tooth which resulted in frequent headaches from the gum pain, e.t.c. From this matter has caused me tremendous stress emotionally yet physically

5). **What did each defendant personally do or fail to do to harm you?**
She fail to do her job as a dentist.

*Id.* at 6.

Although it appears Plaintiff is seeking damages in this action, she has not filled out

the portion of her Complaint marked "Relief."

**Discussion**

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). Unlike Missouri's trial courts, which are courts of general jurisdiction, see *John L. Thuston & Assocs. v. F.D.I.C.*, 869 S.W.2d 105, 107 n.1 (Mo. Ct. App. 1993), "[f]ederal courts are not courts of general jurisdiction," *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); accord *Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."). Therefore, the presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter jurisdiction may be raised at any time, by any party or by the court. *Gray v. City of Valley Park*, 567 F.3d 976, 982 (8th Cir. 2009).

This Court has subject matter jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting Congress has directed that district courts shall have

jurisdiction in both federal question and diversity cases).  Under 28 U.S.C. § 1332(a), the Court has diversity jurisdiction over cases where both (1) no plaintiff is a citizen of the same state as any defendant and, (2), the amount in controversy is greater than $75,000. The amount in controversy is to be ascertained from the complaint itself.  *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961).

Here, it does not appear from Plaintiff's complaint that either federal question jurisdiction or diversity jurisdiction is present.  First, Plaintiff leaves the "Federal Question" section blank, and nothing in the statement of claim refers to, or even hints at, a violation of a federal statute or Constitutional provision.  *See Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction.").  Additionally, Plaintiff has marked the box on her "Civil Cover Sheet" indicating that she is pursuing a "personal injury – medical malpractice" claim under Missouri law.  Since it arises under Missouri law, see Missouri Revised Statute § 538.210, this type of claim cannot establish federal question jurisdiction.

Second, although Plaintiff appears to pursue this matter under the Court's diversity jurisdiction statute, she fails to allege sufficient facts supporting the amount in controversy. Indeed, she has failed to fill out the "Relief" section of the Complaint.  Besides being crucial for establishing diversity jurisdiction under 28 U.S.C. § 1332(a), a demand for relief is an essential part of any complaint in order for it to state a claim for relief.  *See Fed. R. Civ. P. 8(a)(3) (providing that, in order for a pleading to "state[] a claim for relief," it "must

contain" a "demand for the relief sought"). Additionally, she has not articulated her damages such that the Court is able to ascertain that the need for a new root canal and Plaintiff's "emotional distress" could add up to an amount greater than $75,000.

In sum, Plaintiff has not adequately provided a basis for this Court's jurisdiction as she has not adequately indicated that her Complaint exceeds the amount in controversy for diversity jurisdiction. If the Court determines at any time that it lacks subject matter jurisdiction, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3). Therefore, the Court will Order Plaintiff to file a First Amended Complaint on the Court's Civil Complaint form, within twenty-one (21) days of the date of this Memorandum and Order, that establishes this Court's subject matter jurisdiction and that states a claim for relief. Failure to comply with this Order will result in the dismissal of this action without prejudice and without further notice.

## Motion to Appoint Counsel

Plaintiff also has filed a Motion to Appoint Counsel. Doc. [3]. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of

the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). Given that Plaintiff has neither established this Court's jurisdiction nor stated a claim for relief, it cannot be said that she has presented a non-frivolous claim. In any event, this case appears to involve straightforward factual and legal issues, and there is no indication that Plaintiff cannot investigate the facts and present her claims to the Court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's second Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [6], is **GRANTED,** and the filing fee is waived.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [3], is **DENIED** without prejudice.

**IT IS FINALLY ORDERED** that, no later than **Monday, March 25, 2024**, Plaintiff shall file a First Amended Complaint that establishes this Court's subject matter jurisdiction and states a claim for relief.

**Plaintiff's failure to timely comply with this Order will result in the dismissal of this action without prejudice and without further notice.**

Dated this 4th day of March 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE