UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUSAN CHANELL ROSS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:24-cv-00146-MTS |
| DR. MENAKA CHANDRA, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

The Court dismissed Plaintiff's action on Defendant's Motion after Plaintiff failed to file the affidavit Missouri law requires for her negligence claim arising from dental treatment. *See* Mo. Rev. Stat. § 538.225.6 ("If the plaintiff or his attorney fails to file such affidavit the court shall, upon motion of any party, dismiss the action against such moving party without prejudice."). Given that clear statutory mandate, Plaintiff's appeal of the dismissal is frivolous. *See Moore v. Ernest-Jackson*, 16 F. App'x 517, 518 (8th Cir. 2001) (per curiam) (finding district court "properly dismissed [plaintiff's] state-law claims for failure to comply with a Missouri statute requiring an affidavit of merit in cases involving personal injury related to the rendering of, or failure to render, health care services"); *Keating v. Smith*, 492 F. App'x 707 (8th Cir. 2012) (per curiam) ("[W]e agree with the [district] court that the medical malpractice claims failed because [plaintiff] did not comply with a Missouri statute requiring his timely submission of an affidavit based on the opinion of a legally qualified health-care provider certifying the merits of his case.").

Because her appeal is frivolous, Plaintiff has not taken her appeal in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962) (holding that "good faith" in this context must be judged by an objective standard and concluding a defendant's good faith is "demonstrated when he seeks appellate review of any issue not frivolous"). Therefore, the Court will certify that Plaintiff's appeal is not taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A) (providing the district court may "certif[y] that [an] appeal is not taken in good faith"); *see also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

Further, Plaintiff provided an updated Application to Proceed Without Prepaying Fees or Costs that show's her finances have noticeably improved since the beginning of this action. *Compare* Doc. [6], *with* Doc. [33]. Plaintiff's latest Application shows she earns $640 per week and has cash holdings of $5,000. Doc. [33]. She also states that she has no "regular monthly expenses." *Id.* For that reason, the Court concludes that Plaintiff is not "unable to pay [the filing] fees," *see* 28 U.S.C. § 1915(a)(1), and therefore is not entitled to proceed in forma pauperis on appeal, *see* Fed. R. App. P. 24(a)(3)(A) (providing the district court can "find[] that the party is not otherwise entitled to proceed in forma pauperis").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Application to Proceed Without Prepaying Fees or Costs, Doc. [33], is **DENIED**.

**IT IS HEREBY CERTIFIED** that Plaintiff's appeal has not been taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A); *see also* 28 U.S.C. § 1915(a)(3).

**IT IS FINALLY ORDERED** that the Clerk of Court shall immediately notify the United States Court of Appeals for the Eighth Circuit of this Memorandum and Order pursuant to Federal Rule of Appellate Procedure 24(a)(4)(A)–(C).

Dated this 17th day of October 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE